Statement of the Case.
MONROE, C. J.
Plaintiff prosecutes this appeal from a judgment rejecting his claim for damages for injuries to his person and property, and expenses, alleged to have been sustained and incurred by reason of a collision between a buggy of which he was the owner and driver and an automobile operated by defendant.
We find that plaintiff was driving his buggy up the right roadway on St. Charles ave■nue at about 6:20 o’clock p. m. on May 11, 1911, and that it was his intention to turn off and go out Cadiz street to the left (towards the river). He says in his testimony that he had stopped still, with his buggy standing on the right side of the roadway, within less than a foot of the curb of the banquette, waiting for two automobiles which were also going up St. Charles avenue to pass him, and that, when they had passed him to his left, his buggy was struck by defendant’s automobile, which followed the other two. But his testimony is entirely at variance with that of all the other testimony in the case. Two witnesses as to the occurrence were called by him, and they both testified that in going up St. Charles avenue in an automobile they passed defendant’s machine, • and, finding plaintiff’s buggy moving slowly ahead of them, rather nearer to the left than to the right side of the roadway, they sounded their horn repeatedly in order to induce the driver to afford them a passage to his left, but that he paid no attention to the signals, and that they finally passed upon his right, the witness who was acting as chauffeur making a comment to.his brother “about some people who drive all over the street.” Defendant was following the automobile occupied by plaintiff’s witnesses, and also sounded his horn repeatedly, but plaintiff says that he did not hear it, and in the meanwhile he appears to have driven his buggy nearer to the middle of the roadway, creating the impression upon the mind of a witness who was in the machine with defendant that he was going “zigzag,” and, as defendant thought, affording him an opportunity to pass to the left, which he attempted to do.
About that time, however, they had nearly reached the corner of Cadiz street, and defendant, without giving any warning, made a turn to his left, in order to go out that street, as a result of which, he brought his *542 buggy across tbe path of tbe machine, which was already practically against the curb on the left side of the roadway, and hence the collision, 'in which, fortunately, plaintiff was not much injured, and was subjected to but little expense; the defendant having liberally, as it appears to us, paid for the repairing of the buggy.
Opinion.
The city ordinance regulating traffic reads, in part, as follows:
“Vehicles overtaking shall keep to the left of the overtaken vehicle in passing.
“Vehicles moving slowly shall keep as close as possible to the curb on the right allowing more swiftly moving vehicles free passage on their left.
“Drivers of vehicles, before turning, stopping or changing their course, shall make sure that such movement can be made in safety, and shall extend and wave the right hand outside the carriage as a signal to persons driving vehicles behind them of their intention to make such turning movement. * * *
"Vehicles turning to the left into another street shall pass to the right of, and beyond, the street intersection before turning. * * *
“Vehicles going on a main thoroughfare shall have right of way over others going on intersecting streets.”
Plaintiff observed none of the rules thus laid down, and, though there had been no such rules, appears to us to have been grossly negligent from the standpoint of common experience; and, as the accident was attributable to that negligence, he is not entitled to recover his damages from defendant.
Judgment affirmed.